## Mount Joy Paper Box Company v. Kerin.

*Daniel B. Strickler*, for rule.

*George T. Hambright* and *John E. Malone*, contra.

LANDIS, P. J., Jan. 18, 1930.—The present suit was commenced before an alderman of the City of Lancaster on April 8, 1929. On May 14, 1929, the plaintiff filed its statement, in which it claimed $53.50 damages to its truck

by reason of a collision on the public highway running between Lancaster and Harrisburg, and this statement was on the same day served on the defendant's attorney of record.

On Nov. 4, 1929, the defendant filed an affidavit of defense, in which he alleged that the collision between the plaintiff's truck and his automobile was not caused by any negligence on his (the defendant's) part. In addition, he filed a counter-claim, in which he alleged that it was attributable to the negligence of the plaintiff and that he (the defendant) sustained damages to his automobile to the amount of $192.46.

The reason given by the plaintiff for the striking off of the defendant's affidavit of defense and counter-claim is that it was filed more than fifteen days after service of the statement without leave of court.

Section 12 of the Practice Act of May 14, 1915, P. L. 483, directs that, in actions of trespass, "the defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him." Section 13 provides that, "in actions of trespass, the averments in the statement of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted." In Gross v. Dickinson, 4 D. & C. 505, Judge Lewis, of Philadelphia, decided that, "under the Practice Act of May 14, 1915, P. L. 483, after the lapse of fifteen days from the service of the statement of claim, no affidavit of defense can be filed without leave of court first obtained for cause shown." I think the reasoning in this case fully sustains the position taken. A similar question is very fully discussed by Judge Stewart, of Northampton County, in Bilheimer v. Herman, 1 D. & C. 581. Section 9 of Rule 25 (page 27) of the Rules of the Court of Common Pleas of this county makes a similar provision. In the present case, as the affidavit of defense was filed after the fifteen days and without leave of court, it must be stricken off.

Section 14 of the Practice Act declares that, "in actions of *assumpsit*, a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right or claim for which an action of *assumpsit* would lie." However, actions in trespass are not included within this provision. In Ranck v. New Holland Borough, 38 Lanc. Law Rev. 564, this court decided that "a set-off or counter-claim cannot be set up in an action of trespass, although the claims of the plaintiff and of the defendant both arise out of the same transaction," and that there is no warrant for such a proceeding under the Act of 1915. See, also, Quick v. Swanson, 1 D. & C. 608; Kramer v. Keller, 13 Berks Co. L. J. 258; Brown v. Syostek, 2 D. & C. 431; Shrum v. Carcase, 2 D. & C. 686.

This was the law when this action was brought and when the statement of claim was duly served. By the Act of April 4, 1929, P. L. 140, section 13 of the Act of 1915 was amended by adding: "The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff and set up against the plaintiff in the manner by this act prescribed a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action." The time for the filing of the affidavit of defense has not, however, been changed by the amendment, and if the defendant could not, after fifteen days from the service of the statement, file an affidavit of defense, he certainly could not, without leave of court, file a counter-claim.

I am, therefore, of the opinion that the objection raised by the plaintiff is well taken and that the rule should be made absolute and the affidavit of defense and counter-claim be stricken off.

Rule made absolute.　　　　　　From George Ross Eshleman, Lancaster, Pa.

NOTE.—See following case.